UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMARA L. WALBERG, ) Case No. C08-0956-JCC
)
      Plaintiff, )
)
  v. )
) ORDER REMANDING CASE
MICHAEL J. ASTRUE, Commissioner, ) FOR AWARD OF BENEFITS
Social Security Administration, )
)
      Defendant. )
_____ )

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 17), Defendant's Objections thereto (Dkt. No. 18), and Plaintiff's Reply (Dkt. No. 19).

    In the R&R, Judge Donohue sets forth two independent bases for his recommendation that the Court remand the claim for an award of benefits. First, Judge Donohue found that the ALJ erred in finding, at step three of his analysis, that Plaintiff's impairments did not meet the 12.05C Listing for mental retardation. (R&R 14 (Dkt. No. 17).) Judge Donohue concluded that, taken together, Plaintiff's IQ, educational history, social functioning, and work history, demonstrate that she met the diagnostic requirements of the listed impairment for mental retardation. (*Id.*)

    Defendant's objection to this first finding reiterates the same arguments that were thoroughly considered and rejected in the R&R. For example, Defendant contends that Plaintiff's impairment did not meet the requirements of 12.05(c) because her low IQ tests were

1 - ORDER REMANDING CASE
FOR AWARD OF BENEFITS

merely "estimates" and were not considered valid. (Objections 3–4 (Dkt. No. 18).) As Judge Donohue explained, however, the ALJ's reasons for rejecting the low IQ scores do not withstand scrutiny. In rejecting Plaintiff's IQ scores, the ALJ relied both on Dr. Meinz's "hunch" that the tests were not reflective of Plaintiff's cognitive ability and on the incorrect assumption that the tests were administered during a period in which Plaintiff had relapsed into cocaine abuse. (*See* R&R 9–10 (Dkt. No. 17).) The Court agrees that these reasons for rejecting Plaintiff's low IQ scores, which met the severity requirement for mental retardation, are not supported by substantial evidence.[1]

Second, Judge Donohue found that the ALJ also erred, at step five, because the Commissioner had failed to meet his burden of establishing that Plaintiff could perform work existing in significant numbers in the national economy. (*Id.* at 15.) The R&R explains that the ALJ failed to include all of Plaintiff's limitations in providing a hypothetical to the vocational expert. (*Id.*) When the ALJ provided the vocational expert with a complete hypothetical that encompassed all of Plaintiff limitations, including those found by the examining physician on whom the ALJ relied to reject the low IQ scores, the expert testified that there were no jobs in the national economy that Plaintiff could perform. (*Id.*) Defendant's objections do not address this finding by Judge Donohue, (*see* Objections (Dkt. No. 18)), and therefore, the ALJ's error at step five provides an independent basis for the recommendation that the claim be remanded for payment of benefits, (*see* R&R 14–15 (Dkt. No. 15)).

---

[1] In addition, the ALJ entirely ignored, or failed to address, Plaintiff's low Global Assessment of a Functioning ("GAF") scores, which provided further support for the validity of her low IQ scores. Defendant objects to this evidence, arguing that Judge Donohue improperly recommends accepting the GAF scores "as a matter of law." (Objections 2 (Dkt. No. 18).) Defendant mischaracterizes the R&R's assessment of the GAF scores. Judge Donohue found that the GAF assessments "offer support" for Plaintiff's low IQ scores and "cast doubt" on the ALJ's reasons for rejecting them. (R&R 10 (Dkt. No. 17).) Moreover, because Plaintiff's treating psychiatrist, Dr. Hinkle, administered the GAF assessment, Dr. Hinkle's opinions are, as a matter of law, given more weight than those of a nontreating physician. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Defendant's primary objection is that, to the extent the Court finds any harmful legal error by the ALJ, the case should be remanded for further proceedings rather than for payment of benefits. (Objections 5–9 (Dkt. No. 18).) Upon a finding of legal error, however, the Court has "discretion to remand a case either for additional evidence and findings or for an award of benefits." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). A remand for an award of benefits may be warranted where the record has been fully developed and further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In light of the two independent grounds that justify reversal of the decision below, and because the record has been "fully developed," the Court agrees with Judge Donohue that remand for an award of benefits is the appropriate relief under the circumstances.

Accordingly, the Court hereby ADOPTS Judge Donohue's well-reasoned Report and Recommendation, and ORDERS:

(1) The final decision of the Commissioner is REVERSED and this case is REMANDED to the Social Security Administration for the purpose of awarding benefits.

(2) The Clerk of Court is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 18th day of June, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE